# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CRIMINAL ACTION NO. 3:16CR-136-CRS-5

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

DANNY COSLOW                                                DEFENDANT

## MEMORANDUM AND ORDER

This matter is before the Court upon five recent filings by Defendant Danny Coslow in

which he continues to request relief from his sentence due to the COVID-19 pandemic

(DNs 265, 266, 267, 274, and 275).[1]  By Memorandum Opinion and Order entered on May 14,

2020, the Court denied Coslow's two motions for compassionate release (DN 260).  By

Memorandum and Order entered on June 1, 2020, the Court denied Plaintiff's motion to

reconsider the denial of his motions for compassionate release and denied his motion for home

confinement (DN 270).

In the instant filings, Coslow largely reiterates arguments made in his previous motions

concerning his alleged health risks due to the COVID-19 virus.  Coslow states that he believes

that he has not been granted release because he is not represented by counsel.  The Court advises

that it carefully and thoroughly considers all matters before it, regardless of whether brought

*pro se* or by counsel.  There is no constitutional right to counsel in a motion for compassionate

release filed under 18 U.S.C. § 3582.  *United States v. Prater*, No. 7:15-11-DCR-3, 2020 U.S.

Dist. LEXIS 90385, at *3 (E.D. Ky. May 22, 2020) (citing *United States v. Walker*, No. 6: 06-

111-DCR, 2019 U.S. Dist. LEXIS 119766, at *10 (E.D. Ky. July 18, 2019)).  The Court has

---

[1] There was also a letter ostensibly written by Coslow's daughter filed in the action (DN 273).  However, as a non-attorney, Coslow's daughter cannot seek relief on his behalf.  *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Therefore, the Court will only address the letters filed by Coslow on his own behalf herein.

discretion to determine whether appointment of counsel is warranted.  *Id*.  Here, appointment of counsel for the purposes of Coslow's request for compassionate release is not necessary because the Court has already denied his motion on the merits.  Further, appointment of counsel for seeking home confinement is not warranted because the Court does not have the authority to order home confinement as stated in the prior Memorandum and Order.

In addition, Coslow filed a document he captioned "Emergency Appeal pursuant to USCS § 2255 - 28 USCS § 994 – 18 USC § 3553 – 18 USC § 3742" (DN 266).  He again seeks relief based on the risks of being incarcerated during the COVID-19 pandemic and states that he has high blood pressure and is going to be tested for diabetes.  Under 28 U.S.C. § 2255, a defendant may challenge his sentence based on grounds that it violates the Constitution or laws of the United States.  Because Coslow is not challenging the constitutionality of his conviction, he is not entitled to relief under § 2255.  Coslow is likewise not entitled to relief under the other statutes cited in the caption of the filing.

In the filings, Coslow also complains about the conditions of his confinement at the Oldham County Detention Center (OCDC).  Coslow cannot seek relief concerning his conditions at OCDC in the context of this criminal action.  If he seeks to assert claims concerning his conditions, he must file a separate civil action.  The Court will direct the Clerk of Court to send Coslow a form for filing an action under 42 U.S.C. § 1983/*Bivens v. Six Unknown Fed. Narcotics Agents*.

For the foregoing reasons,

**IT IS ORDERED** that requests for relief made by Coslow in the instant filings (DNs 265, 266, 267, 274, and 275) are **DENIED**.

The **Clerk of Court is DIRECTED** to send Coslow the Court-approved 42 U.S.C.

§ 1983/*Bivens v. Six Unknown Fed. Narcotics Agents* form packet.

As noted in the Court's prior Memorandum and Order, Coslow filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  By Order entered May 26, 2020, the Court directed

the Clerk of Court to open a civil action with Coslow's petition for relief under § 2241 as the

initiating document (DN 264).  Coslow's request for home confinement can and will be heard in

that action.  **The Court further WARNS Coslow that continued repetitive filings in this**

**action will result in filing restrictions**.

Date:    June 13, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:    Defendant Coslow, *pro se*
       U.S. Attorney
4411.010

3